Mark R. Thierman Cal SB# 72913
**THIERMAN LAW FIRM. P.C.**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500

Scott A. Miller, Esq., SB # 230322
**LAW OFFICE OF SCOTT A. MILLER**
**A Professional Law Corporation**
16133 Ventura Blvd. Suite 1200
Encino, CA. 91436
Tel. (818) 995-9106

Steven L. Miller, Esq., SB # 106023
**LAW OFFICE OF STEVEN L. MILLER**
**A Professional Corporation**
16133 Ventura Blvd. Suite 1200
Encino, CA. 91436
Tel. (818) 995-9106

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maida L. Enabnit; et al., ) | Case No.: 2:07-cv-00165-JAM-DAD |
| ) | |
| Plaintiff, ) | **ORDER GRANTING** |
| ) | **PLAINTIFF'S MOTION FOR** |
| v. ) | **PRELIMINARY APPROVAL OF** |
| ) | **CLASS ACTION SETTLEMENT** |
| Petsmart, Inc.; et al., ) | |
| ) | Hearing Date: December 3, 2008 |
| Defendants. ) | Hearing Time: 9:00 a.m. |
| ) | Courtroom: 6, 14 Floor |
| ) | Judge: Honorable John A. Mendez |
| ) | |

[PROPOSED] Order Granting Plaintiff's Motion for Preliminary Approval

WHEREAS, this matter came on for hearing on December 3, 2008, at 9:00 a.m., in Courtroom 6 of the above-captioned court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement; and

WHEREAS, Plaintiff Maida Enabnit has applied to this Court for an order preliminarily approving the settlement of the Action in accord with a Stipulation of Settlement (the "Settlement") which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement; and the Court having read and considered the Settlement and the exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order incorporates by reference the definitions in the Settlement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement.

2. The Court hereby conditionally certifies the Settlement Sub-Classes, comprised of Subclass A, B and C, for settlement purposes only. Should for whatever reason the Settlement not become final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context.

3. In connection with this Settlement, Named Plaintiff Maida Enabnit is hereby appointed and designated, for all purposes, as the representative of the Class, and the following attorneys are hereby appointed and designated as counsel for the Named Plaintiff and the Class ("Class Counsel"):

Mark R. Thierman
The Thierman Law Firm, P.C.
7287 Lakeside Drive

Reno, Nevada 89511

Scott A. Miller
The Law Office of Scott A. Miller
A Professional Law Corporation
16133 Ventura Boulevard, Suite 1200
Los Angeles, California 91436

Steven L. Miller
The Law Office of Steven L. Miller
A Professional Law Corporation
16133 Ventura Boulevard, Suite 1200
Los Angeles, California 91436

Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement. Any Class Member may enter an appearance through counsel of such Class Member's own choosing and at such Class Member's own expense. Any Class Member who does not enter an appearance or appear on his or her own behalf will be represented by Class Counsel.

4.      The Court hereby preliminarily approves the Settlement in the total amount of $1,950,000 and its terms contained therein, including the requested payment to the named plaintiff of $30,000 for her enhancement, her individual claims and her separate claims of wrongful termination, which are not a part of this class action. Class Counsel has requested an Attorneys' Fees Award of up to a maximum of $570,000, and the Court will approve the amount of any such award at the Settlement Hearing described in paragraph 6 below. The Court finds on a preliminary basis that the Settlement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. It appears to the Court on a preliminary basis that the Settlement is fair, adequate and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues. It

1  further appears that extensive and costly investigation and research have been conducted
2  such that counsel for the Parties at this time are able to reasonably evaluate their
3  respective positions. It further appears to the Court that settlement at this time will avoid
4  substantial additional costs by all Parties, as well as avoid the delay and risks that would
5  be presented by the further prosecution of the Action. It further appears that the
6  Settlement has been reached as the result of intensive, serious and non-collusive, arms-
7  length negotiations, including voluntary mediation before an experienced mediator.

   5.   A hearing (the "Final Approval Hearing") shall be held before this Court on _April 22_, ~~2008~~ 2009, at _9:00_ a.m., to determine all necessary matters concerning the Settlement, including: (1) Whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement is fair, adequate and reasonable and should be finally approved by the Court; (2) Whether the plan of allocation contained in the Settlement should be approved as fair, adequate and reasonable to the Class Members; and (3) To determine whether to finally approve the Attorneys' Fees and Expense Award and the Named Plaintiff's Incentive Award and, if so, in what amounts.

   6.   All papers in support of final approval of the settlement, the Attorneys' Fees and Expense Award and the Named Plaintiff's Incentive Award must be filed and served no later than 10 days prior to the Final Approval Hearing.

   7.   The Court hereby approves, as to form and content, the Notice of Settlement annexed as Exhibit A to the Settlement. The Court finds that the distribution of the Notice of Settlement substantially in the manner and form set forth in the Settlement and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

   8.   The Court hereby appoints Rust Consulting, Inc. as Claims Administrator and hereby directs the Claims Administrator to mail or cause to be mailed to Class

Members the Notice of Settlement by first class mail within 30 days after the entry of this Preliminary Order (the "Notice Date") using the procedures set forth in the Settlement. As set forth in the Settlement, Class Members who wish to participate in the settlement are not required to make a formal claim.

9. Any Class Member may choose to object to or opt out of and be excluded from the Class as provided in the Notice of Settlement by following the instructions for requesting exclusion from the Class that are set forth in the Notice of Settlement. All requests for exclusion must be submitted as provided in the Notice of Settlement. Any such person who chooses to opt out of and be excluded from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon. Any written request to opt out must be signed by each such person opting out. Class Members who have not requested exclusion shall be bound by all determinations of the Court, the Settlement and Judgment.

10. Any Class Member may appear at the Final Approval Hearing and may object or express his or her views regarding the Settlement, and may present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by the Court as provided in the Notice of Settlement. However, no Class Member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless that Class Member has filed with the Court and properly served on counsel for the Parties a written statement stating the basis for their objection and an Entry of Appearance, as set forth in the Notice of Settlement.

11. The Settlement is not a concession or admission, and shall not be used or construed against Defendant or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Defendant or any of the Released Parties.

4

12. In the event the Settlement does not become effective in accordance with the terms of the Settlement, or the Settlement is not finally approved, or is terminated, cancelled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement.

13. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

IT IS SO ORDERED.

Dated: 12.4.08

JOHN A. MENDEZ
United States District Judge

[PROPOSED] Order Granting Plaintiff's Motion for Preliminary Approval